[656 NYS2d 311]

In the Matter of NICHOLAS T. CANOSA (Admitted as NICHOLAS THEODORE CANOSA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 14, 1997

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Mark A. Varrichio & Associates,* Bronx *(Rocco Vazza* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two al-

legations of professional misconduct. The Special Referee sustained both charges. The Grievance Committee moves to confirm the Special Referee's findings. The attorney for the respondent has submitted an affirmation in opposition requesting that the facts and circumstances be considered in mitigation of any sanction imposed.

Charge One alleged that the respondent engaged in conduct which is prejudicial to the administration of justice by failing to re-register as an attorney with the Office of Court Administration (OCA), in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated September 26, 1994, the respondent was advised that a *sua sponte* complaint had been authorized against him based upon his failure to re-register with OCA for the current registration period, pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1. Judiciary Law § 468-a (1) requires any attorney and counselor-at-law admitted to practice in this State to file a biennial registration statement with OCA and to pay a fee of $300. Judiciary Law § 468-a (2) requires an attorney to notify OCA in the event of a change of information previously submitted, within 30 days of such change. Judiciary Law § 468-a (5) states that noncompliance with the provisions of that section shall constitute conduct prejudicial to the administration of justice. Section 118.1 of the Rules of the Chief Administrator (22 NYCRR 118.1) contains provisions similar to Judiciary Law § 468-a.

The September 26, 1994 letter was returned to the Grievance Committee marked "Forwarding Order Expired". Four additional addresses were obtained for the respondent and letters dated December 2, 1994 were forwarded by both regular mail and certified mail to one location in New York and three in Connecticut. As a result of one of the letters being forwarded, Grievance Counsel discovered that the respondent had relocated to Cos Cob, Connecticut. The respondent submitted a response dated March 27, 1995, in which he advised that he had not practiced law for the previous two years but did not desire to certify to OCA that he had retired from the practice of law. The respondent acknowledged his obligation under Judiciary Law § 468-a and 22 NYCRR 118.1 and stated that he was in the process of determining and paying the amount due to OCA.

As of May 3, 1995, the respondent failed to pay any funds due to OCA and his registration remained outstanding. By cor-

respondence dated June 1, 1995, the respondent was again advised of the registration requirements and of his obligation to submit an answer within 10 days. In view of the respondent's failure to submit an answer, the Grievance Committee issued a Letter of Admonition, dated October 2, 1995, conditioned upon his submitting proof, within 30 days, of his compliance with the OCA registration requirements. The Letter of Admonition was forwarded to the respondent by certified mail and was returned unclaimed after three unsuccessful delivery attempts.

The Grievance Committee's investigation revealed that the respondent had relocated to Bedford, New York. The October 2, 1995 Letter of Admonition was personally delivered to him on November 24, 1995. As of December 27, 1995, the respondent failed to register with OCA and has not done so since July 1991.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to cooperate with the investigation of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the aforesaid facts.

Based on the evidence adduced, we find that the Special Referee properly sustained both charges of professional misconduct against the respondent. The Grievance Committee's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the chaotic state of his personal affairs and the fact that he has not been engaged in the practice of law throughout the entire proceeding. On the other hand, Grievance Counsel points out the enormous time and expense involved in this disciplinary proceeding due to the respondent's noncooperation even after having been placed on notice by the Grievance Committee of the registration requirements of Judiciary Law § 468-a and 22 NYCRR 118.1. The respondent has finally paid the $600 in registration arrears.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Nicholas T. Canosa, is censured for his professional misconduct.